**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| BURNS F. MCFARLAND,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROBIN MCFARLAND, DORI GROENENDYK, and ROBIN'S SCHOOL OF DANCE & TUMBLING,<br><br>　　　　Defendants. | No. C08-4047-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO DISMISS** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*A. Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
　　*B. Factual Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
　　*A. Rule 12(b)(1) Challenges to Jurisdiction* . . . . . . . . . . . . . . . . . . . . . 4
　　*B. Diversity Of Citizenship* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

On June 11, 2008, plaintiff Burns F. McFarland filed his complaint in this lawsuit against Robin McFarland, Dori Groenendyk, and Robin's School of Dance & Tumbling. In his complaint, plaintiff McFarland asserts two Iowa state common law claims against defendants. Specifically, in Count I of the complaint, plaintiff McFarland alleges claims for slander, libel, and defamation against defendants. In Count 2, plaintiff McFarland asserts that defendants tortuously interfered with prospective business relations.

Defendants have all filed motions to dismiss for lack of subject matter jurisdiction (Dkt. Nos. 7 and 9), contending, in each case, that complete diversity does not exist between the adverse parties in this case because plaintiff McFarland is a citizen of Iowa. Plaintiff McFarland has filed timely resistances to each defendant's motion, asserting in each that he is a citizen of Mississippi, thereby making this court's assertion of diversity jurisdiction proper. No defendant has filed a reply brief in response to plaintiff McFarland's resistance to their respective motions.

The court turns first to the factual background of this case. The court then turns to the legal analysis of defendants' respective motions to dismiss for lack of subject matter jurisdiction.

### B. Factual Background

The parties have supplied affidavits and exhibits in support of their respective positions with regard to the motions to dismiss from which, in addition to the complaint and the answer, the court has extracted the following facts.

Defendants Robin McFarland and Dori Groenendyk are both adult residents of Sioux Center, Iowa. Defendant Robin's School of Dance & Tumbling is located in Sioux Center, Iowa.

Plaintiff Burns McFarland was born and raised in the State of Mississippi. He graduated from the University of Mississippi and then obtained a law degree from the Mississippi College of Law. He has been licensed in the State of Mississippi since 1978. He is currently a member in good standing with the Mississippi Bar and is admitted to practice in all Mississippi state courts as well as the United States District Courts for the Northern and Southern Districts of Mississippi.

Burns McFarland maintains a home in Ridgeway, Mississippi. He is registered to vote in Mississippi. He is a current and lifelong member of Bay Springs Presbyterian Church in Bay Springs, Mississippi. Burns McFarland has a Mississippi driver's license and his automobile is licensed in the State of Mississippi. He has never attempted to obtain a driver's license in Iowa or any other state.

Burns McFarland also owns a business, HealthOne, Inc., which has its principal place of business in Mississippi. His work with HealthOne, Inc. constitutes his only source of employment. Burns previously owned and operated a retail business, "Angel on my Shoulder", which operated in two locations, both in the State of Mississippi.

Plaintiff Burns McFarland and defendant Robin McFarland were married in Mississippi on June 9, 2004. Following their marriage, Burns split his time between his home in Mississippi and Robin's previously owned residence in Sioux Center, Iowa. On October 17, 2005, their son, Harrison Brooks McFarland, was born in Iowa. Harrison was subsequently baptized in Mississippi.

On June 5, 2007, Robin McFarland filed a petition for dissolution of marriage as well as a petition for relief from domestic abuse in Iowa District Court for Sioux County,

Iowa. Since filing for divorce, Robin continues to reside with Harrison in her home in Sioux Center, Iowa. Burns maintains a furnished month-to-month rental residence in Sioux Center while also maintaining his home in Mississippi.

## II. LEGAL ANALYSIS
### A. Rule 12(b)(1) Challenges to Jurisdiction

For the court to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). The court in *Titus* distinguished between the two kinds of challenges:

> In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731-32 (11th Cir. 1982). . . .
> If the [defendant] wants to make a factual attack on the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947) [footnote omitted]. The proper course is for the defendant to request an evidentiary hearing on the issue. *Osborn* [*v. United States*], 918 F.2d [724,] 730 (citing *Crawford v. United States*, 796 F.2d 924, 928 (7th Cir. 1986)).

*Id*.

In *Osborn v. United States*, 918 F.2d 724 (8th Cir. 1990), the Eighth Circuit Court of Appeals provided an exhaustive discussion of the procedures and requirements for determination of a 12(b)(1) motion to dismiss.

4

> The district court was correct in recognizing the critical differences between Rule 12(b)(1), which governs challenges to subject matter jurisdiction, and Rule 56, which governs summary judgment. Rule 12 requires that Rule 56 standards be applied to motions to dismiss for failure to state a claim under Rule 12(b)(6) when the court considers matters outside the pleadings. [Citations omitted.] Rule 12 does not prescribe, however, summary judgment treatment for challenges under 12(b)(1) to subject matter jurisdiction where a factual record is developed. Nonetheless, some courts have held that Rule 56 governs a 12(b)(1) motion when the court looks beyond the complaint. We agree, however, with the majority of circuits that have held to the contrary. . . . [Citations omitted.]
>
> The reason for treating a 12(b)(1) motion differently than a 12(b)(6) motion, which is governed by Rule 56 when matters outside the pleadings are considered, "is rooted in the unique nature of the jurisdictional question." *Williamson* [*v. Tucker*], 645 F.2d [404,] 413 [ (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)]. It is "elementary," the Fourth [sic] Circuit stated, that a district court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached." *Id*. Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide. *Id*. Moreover, because jurisdiction is a threshold question, judicial economy demands that the issue be decided at the outset rather than deferring it until trial, as would occur with denial of a summary judgment motion.

*Osborn*, 918 F.2d at 729.

The court in *Osborn* found the distinction between facial and factual attacks on the complaint under 12(b)(1) to be critical. *Id.* (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.), *cert. denied*, 449 U.S. 953 (1980), and *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The court stated that:

> [i]n the first instance, the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). The general rule is that a complaint should not be dismissed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards.

*Id*. at 729 n.6 (citations omitted); *see Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) ("A motion to dismiss for lack of jurisdiction under Rule 12(b)(1) which is limited to a facial attack on the pleadings is subject to the same standard as a motion brought under Rule 12(b)(6)."). A factual challenge to jurisdiction under 12(b)(1) is unique:

> [H]ere the trial court may proceed as it never could under 12(b)(6) or FED. R. CIV. P.. 56. Because at issue in a factual motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

*Osborn*, 918 F.2d at 730 (quoting *Mortensen,* 549 F.2d at 891); *see Faibisch v. University of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002) (noting that "[w]hen a district court engages in a factual review, it inquires into and resolves factual disputes."). The *Osborn* court stated that the proper course is for the defendant to request an evidentiary hearing on the

issue, and, since no statute or rule prescribes the format of such a hearing, "'any rational mode of inquiry will do.'" *Osborn*, 918 F.2d at 730 (quoting *Crawford*, 796 F.2d at 929).

> Once the evidence is submitted, the district court must decide the jurisdictional issue, not simply rule that there is or is not enough evidence to have a trial on the issue. [*Crawford*, 796 F.2d at 929.] The only exception is in instances when the jurisdictional issue is "so bound up with the merits that a full trial on the merits may be necessary to resolve the issue." *Id*.

*Id*. In the present case, the court concludes that defendants have made a factual challenge to subject matter pursuant to Federal Rule of Civil Procedure 12(b)(1). However, no party has asked for an evidentiary hearing on the issue. Rather, the parties have supplied affidavits as well as other exhibits in support of respective positions with regard to the motions to dismiss.

### B. Diversity Of Citizenship

Defendants McFarland and Groenendyk both contend that plaintiff Burns McFarland now resides in Iowa and is a citizen of Iowa. As a court of limited jurisdiction, a federal court has an obligation to assure itself that it has subject matter jurisdiction in every case. *Thomas v. St. Luke's Health Sys., Inc.*, 869 F. Supp. 1413, 1424 (N.D. Iowa 1994)(citing *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987)). For the court to maintain subject matter jurisdiction over this case, complete diversity of citizenship must exist between the adverse parties. *Strawbridge v. Curtiss*, 3 Cranch 267, 2 L. Ed.435 (1806). Consequently, if Burns McFarland is a citizen of the state of Iowa, this court would lack jurisdiction to hear this case because defendants are all citizens of the state of Iowa.

The Eighth Circuit Court of Appeals recently summarized "the well-established rules of federal diversity jurisdiction" as follows:

> First, we determine diversity of citizenship at the time an action is filed. *See Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Second, complete diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) is tested by the citizenship of the real parties to the controversy, and the citizenship of an agent who merely sues on behalf of the real parties must be ignored. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980); *Iowa Pub. Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977); *Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 861-62 (2d Cir. 1995). Third, the Federal Rules of Civil Procedure have no bearing on the requirements of federal diversity jurisdiction. *See Navarro Sav. Ass'n*, 446 U.S. at 462 n.9, 100 S. Ct. 1779; *Iowa Pub. Serv. Co.*, 556 F.2d at 404 n.5; *Airlines Reporting Corp.*, 58 F.3d at 861 n.4; Fed. R. Civ. P. 82. Finally, the district court cannot retroactively create diversity jurisdiction if it did not exist when the complaint was filed. *See Sta-Rite Indus., Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 285 (7th Cir. 1996); *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775-76 (5th Cir. 1986). Instead, the district court must dismiss the action. *See Aetna Cas. & Sur. Co.*, 796 F.2d at 776.

*Associated Ins. Mgmt. Corp. v. Arkansas Gen. Agency, Inc.*, 149 F.3d 794, 797 (8th Cir. 1998); *see also Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (diversity of citizenship is determined at the time the complaint is filed). A corollary to the rule that diversity is determined at the time of filing is equally well-established: "[I]f diversity did not exist when the complaint was filed, it cannot be created by a change of domicile by one of the parties or some other event." *Saadeh v. Farouki*, 107 F.3d 52, 57 (D.C. Cir. 1997) (citing, *inter alia*, *Anderson v. Watts*, 138 U.S. 694, 702-03 (1891)); *see Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, (2004) (noting that "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'") (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed.

154 (1824)). The party attempting to establish federal jurisdiction bears the burden of proof if diversity of citizenship is challenged. *See Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Cir. 2005); *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990); *Blakemore v. Missouri Pacific R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986); *Russell v. New Amsterdam Casualty Co.*, 325 F.2d 996, 998 (8th Cir. 1964); *Amoco Rocmount Co. v. Anschutz Corp.*, 7 F.3d 909, 914 (10th Cir. 1993), *cert. denied*, 510 U.S. 1112 (1994); *Media Duplication Servs. v. HDG Software, Inc.*, 928 F.2d 1228, 1235 (1st Cir. 1991); *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Fenton v. Freedman*, 748 F.2d 1358, 1359 n.1 (9th Cir. 1984); *Bullock v. Wiebe Constr. Co.*, 241 F. Supp. 961, 962 (S.D. Iowa 1965)(citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936)). Therefore, even though defendants McFarland and Groenendyk have each moved to dismiss this case, plaintiff Burns McFarland still retains the burden of showing the existence of complete diversity between the adverse parties. *See Altimore*, 420 F.3d at 769; *Yeldell*, 913 F.2d at 537.

The dispute in this case centers on whether Burns McFarland is a citizen of Iowa, as defendants both claim, or a resident of Mississippi, as Burns himself asserts. Thus, in this case, plaintiff Burns McFarland has the burden of proving that he is a citizen of Mississippi. As the Eighth Circuit Court of Appeals has observed,

> The legal standard to determine citizenship is straightforward. Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely. *Yeldell*, 913 F.2d at 537. Once an individual has established his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship. *Id*.

*Altimore*, 420 F.3d at 769-70. An allegation of residence is not the equivalent of an allegation of citizenship. *Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987).

With these principles in mind, the court will determine whether plaintiff Burns McFarland has met his burden to establish complete diversity between the parties. The court concludes that the record here contains overwhelming evidence that on June 11, 2008, plaintiff Burns McFarland was a citizen of Mississippi. On that date, Burns McFarland had a residence in Mississippi and worked at his business, HealthOne, Inc., in that state. Moreover, it is clear that he intended to remain there indefinitely. The clearest evidence of this is found in his affidavit filed in support of his resistance to the current motions to dismiss, in which he avers:

> I have always been a domiciliary of the State of Mississippi and have never intended to change my domicile to Iowa or any other State. It has always been my intent to return to Mississippi, which is, always has been and always will be my home.

Burns McFarland Aff. at ¶ 2, Plaintiff's Ex. 1. Burns McFarland's statements of intent must be considered in determining his domicile. Moreover, this assertion is buttressed by a number of facts in addition to maintenance of a home and business in the State of Mississippi. Burns McFarland's ties to Mississippi run long and deep. He was born and raised there, graduating from the University of Mississippi and then obtaining a law degree from the Mississippi College of Law. A licensed member of the Mississippi state bar since 1978, he is currently a member in good standing with both that bar as well as being admitted to practice in the United States District Courts for the Northern and Southern Districts of Mississippi. He is registered to vote in Mississippi, has a Mississippi driver's license and his automobile is also licensed in that state.

While defendants McFarland and Groenendyk point to the fact that Burns has spent a substantial amount of time in Iowa since his marriage to Robin McFarland and currently has a residence in Iowa, the court notes that the state where a person resides is not

necessarily that person's domicile. *Mississippi Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48 (1989); *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001); *Jagiella v. Jagiella,* 647 F.2d 561, 563 (5th Cir. 1981). This is because although a person may have more than one residence, that person may only have one domicile at any one time. *See Williamson v. Osenton,* 232 U.S. 619, 625 (1914); *Hawes v. Club Ecuestre El Comandante,* 598 F.2d 698, 701 (1st Cir. 1979); *see also Hardin v. McAvoy,* 216 F.2d 399, 403 (5th Cir. 1955) ("[I]t must be kept in mind that a person may not have two domiciles, two citizenships, at the same time."). As a result, a person may reside in a state without being a citizen of that state for diversity purposes. *Kanter,* 265 F.3d at 857. Accordingly, determination of citizenship cannot be inferred from allegations of mere residence, standing alone. *Axel Johnson, Inc. v. Carroll Carolina Oil Co.,* 145 F.3d 660, 663 (4th Cir. 1998). The court notes that Burns McFarland has continued to maintain his home in Mississippi since his marriage and that he has never attempted to obtain a driver's license in Iowa.[1] Moreover, Burns McFarland has offered the following explanation for his need for an Iowa residence:

> Although I currently rent a house in Iowa, I do so on a month to month basis. This was necessary following the dissolution of my marriage, and is for the purpose of remaining close to

---

[1] The court notes that defendant Robin McFarland asserts in her current motion that Burns McFarland sold his home in Ridgeland, Mississippi, to his son, Robert McFarland. In support of her assertion, she has directed the court's attention to a quickclaim deed executed by Burns McFarland on March 27, 2003. The court notes, however, that this quickclaim deed was executed over a year before Burns married Robin on June 11, 2004. Moreover, the legal description of the property on the quickclaim deed does not match the address of Burns's Ridgeland, Mississippi address. Even more telling, Robin McFarland listed Burns's Ridgeland home address in the Petition For Relief From Domestic Abuse she filed with the Iowa District Court for Sioux County on June 5, 2007, over four years after Burns is supposed to have sold the property.

> my son and exercising visitation with him until such time as a permanent custodial arrangement can be reached and ordered. Prior to renting this house I lived for a few months in the home of a friend who is a Professor at Dordt College. When my hopes for a swift resolution of the custody matters involving my son were dashed, I had to have a place to sleep that was appropriate for spending time with my son, so I rented. It has never been my intent to make this my home, in fact it is a furnished house, and I have a month to month rental agreement. I haven't even bought a couch or bed, as I have all of these things in my home. . .in Ridgeland Mississippi and have always intended to return. As a matter of fact, my rental agreement requires that I vacate the house at certain times, including the entire month of August and part of September. I will once again be a guest in the home of a friend and professor at Dordt College.

Burns McFarland Aff. at ¶ 6, Plaintiff's Ex. 1.

Given this record, the court has little difficulty concluding that Burns McFarland was a citizen of Mississippi as of June 11, 2008. Mississippi is the place Burns resided with the intention to remain there as well as the place where he has previously resided with the intention of returning. Thus, the court concludes that plaintiff Burns McFarland has met his burden of showing that complete diversity of citizenship exists in this case. Therefore, defendants McFarland and Groenendyk's motions to dismiss for lack of subject matter jurisdiction are denied.

### III. CONCLUSION

Therefore, for the reasons set out above, the court concludes that Burns McFarland was a citizen of Mississippi as of June 11, 2008, and that plaintiff Burns McFarland has met his burden of showing that complete diversity of citizenship exists in this case.

Therefore, defendants McFarland and Groenendyk's motions to dismiss for lack of subject matter jurisdiction are denied.

**IT IS SO ORDERED.**

**DATED** this 16th day of March, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA