# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BURNS H. McFARLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBIN McFARLAND,<br>*aka* Robin Van Es, *et al.*,<br><br>    Defendants. | No. C08-4047-MWB<br><br>(No. C09-4047-MWB)<br><br><br>**ORDER** |

This matter is before the court on the plaintiff's motion to amend his Complaint (Doc. No. 67); motions by the defendants Sandy Hoekstra, Colleen Horstman, Deb Hulstein, Deb Kats, Kristen Plueger, Natalie Plueger, Karisa Ann Rozeboom, Madison Rozeboom, Cherilyn Rozebroom, Brenda Schuitmen, Lila Sybesma, Annette Van Voorst, Marge Vander Esch, Andre Clayborne, Great Plains Psychological Services LLC, Craig De Haan, Sandi De Haan, Harry Groendyke, Dori Groenendyk, Randy Waagmeester, Niccie Kliegl, Kimber Krosschell, Mary Swart, Robin McFarland, Daniel Dees, Mary Zuetenhorst, Andra Kamstra, Kelsey Davelaar, and Sharon Foughty, to strike all or portions of the original Complaint and/or for a more definite statement regarding the allegations relating to these specific defendants (Doc. Nos. 25, 26, 27, 28, 29, 33, 36, 39, 40, 41, 42, 47, 48, 54, 55); and a motion by the defendants David Vander Werf and Rebecca Vander Werf to dismiss the Complaint for failure to state a claim against them, or alternatively for a more definite statement (Doc. No. 64).

    The plaintiff has submitted a proposed Amended Complaint that he believes addresses the issues raised in the defendants' pending motions. (Doc. No. 67, ¶ 2) The proposed Amended Complaint is insufficient on numerous grounds:

    1.    The plaintiff fails to mention anywhere in the proposed pleading two defendants -- Kirby Van Es and Robin Van Veldhuizen – who were made parties to this

case by the original Complaint, nor has the plaintiff moved to dismiss those two defendants.

2. The plaintiff has added a new defendant – Kirbee Van De Berg – to the case without seeking leave to do so.

3. The plaintiff lists three defendants -- Brenda Schuitmen, Stacey Ahrenstorff, and Bethany Christian Services -- in the case caption and in his listing of the parties' residence addresses, but makes no further mention of them anywhere in the proposed pleading.

4. Although the plaintiff makes substantial allegations in the Complaint as to Robin McFarland *aka* Robin Van Es, Dori Groenendyk, Robin's School of Dance & Tumbling, Randy Waagmeester, Rhonda Van Es, and Robert Van Es, his allegations against all of the other defendants are insufficient for any one of them to tender a proper response. In the case of the defendants Andre Clayborne, individually and on behalf of Great Plains Psychological Services LLC, and Daniel Dees, the plaintiff only alleges they prepared reports relating to child custody issues in the plaintiff's pending divorce action. As to all of the other defendants, he alleges only that each of them "prepared and executed under oath an affidavit containing allegations relating to plaintiff." Merely alleging a person "prepared and executed" a report or affidavit does not state any cognizable legal claim against the person, nor does it provide sufficient detail as to how each of the named defendants allegedly harmed the plaintiff.

The proposed Amended Complaint contains eight counts; i.e., Count I - Civil Conspiracy; Count II - Intentional Infliction of Emotional Distress; Count III - Invasion of Privacy; Count IV - Defamation - Libel; Count V - Defamation - Slander; Count VI - Tortious Interference with Business Relations; Count VII - Punitive Damages; and Count VIII - Prayer for Relief. In each of these counts, the plaintiff alleges "the defendants" acted in some way to harm him. Except for Robin McFarland *aka* Robin Van Es, Dori Groenendyk, Robin's School of Dance & Tumbling, Randy Waagmeester, Rhonda Van

Es, and Robert Van Es, he fails to allege how any of the individual defendants' actions furthered the alleged civil conspiracy, inflicted emotional distress on him, invaded his privacy, defamed him, or interfered with his business relations.

A pleading stating a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, as the United States Supreme Court recently held in *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (May 18, 2009), although the "short and plain statement" requirement "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S. Ct. at 1949 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007), in turn citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) ("on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'")). The *Ashcroft* Court noted, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

Although the Court's holdings in both *Ashcroft* and *Twombly* related to the standard a pleading must meet to survive a motion to dismiss, similar principles are applicable where a defendant moves for a more definite statement. The *Ashcroft* Court observed that a pleading "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action[.]'" *Ashcroft*, 550 U.S. at 555, 127 S. Ct. at 1965 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

Here, the plaintiff's proposed Amended Complaint does not even go so far as to state facts that create a *suspicion* of a legally-cognizable right of action against the majority

of the defendants. Rather his proposed Amended Complaint, and his original Complaint, are akin to the prohibited "the-defendant-unlawfully-harmed-me accusation."

Accordingly, all of the pending motions for more definite statement (Doc. Nos. 25, 27, 28, 29, 33, 36, 39, 41, 42, 47, and 54) are **granted**. At this juncture, the motion (Doc. No. 64) of the defendants David Vander Werf and Rebecca Vander Werf to dismiss or, in the alternative, for more definite statement is **granted in part and denied in part**. The motion is denied with respect to dismissal of the action, and granted with respect to the request for a more definite statement. The court **reserves** ruling on the motions (Doc. Nos. 26, 40, 48, & 55) to strike all or portions of the Complaint, which may become moot by the filing of an Amended Complaint.

The plaintiff's motion for leave to amend his Complaint is **denied**. **By August 24, 2009**, the plaintiff must submit another proposed Amended Complaint that addresses the matters discussed above, as well as taking into consideration the matters raised by the defendants in the motions to strike (Doc. Nos. 26, 40, 48, & 55).

The court will review the newly-proposed Amended Complaint *sua sponte* to determine whether it complies with the pleading requirements of the Federal Rules of Civil Procedure as interpreted by the United States Supreme Court. If the court allows the Amended Complaint to be filed, the court will, at that time, set a deadline for all of the defendants to move or plead in response to the Amended Complaint. Until that time, all further deadlines for any defendant to move or plead are suspended.

**IT IS SO ORDERED.**

**DATED** this 10th day of August, 2009.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

4