# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BURNS H. McFARLAND,<br><br>   Plaintiff,<br><br>vs.<br><br>ROBIN McFARLAND,<br>*aka* Robin Van Es, *et al.*,<br><br>   Defendants. | No. C08-4047-MWB<br><br>(No. C09-4047-MWB)<br><br><br><br>**ORDER** |

_____

This matter is before the court on two motions by the plaintiff to dismiss certain defendants without prejudice. The court reserved ruling on the first such motion, **Doc. No. 68**, to dismiss the defendants Sharon Foughty, Sandy Hoekstra, Kristin Plueger, Karissa Ann Rozeboom, Madison Rozeboom, David Vander Werf, and Rebecca Vander Werf, to allow those defendants, who had appeared in the case, to file responses to the motion to dismiss. They did so, arguing their dismissals should be with prejudice rather than without prejudice. Doc. Nos. 77 & 82.

In a new motion, **Doc. No. 87**, the plaintiff also seeks dismissal without prejudice of the defendants Danielle Ruter, Brenda Schuitmen, Mary Zeutenhorst, and Robin Van Veldhuizen. Because the defendants Danielle Ruter and Robin Van Veldhuizen have not appeared in the case, the motion is **granted** as to those two defendants, and they are **dismissed without prejudice**. The court will discuss dismissal as to Brenda Schuitmen and Mary Zeutenhorst together with the remaining defendants from the previous motion.

All of the remaining defendants the plaintiff seeks to dismiss without prejudice have filed motions relating to the plaintiff's original Complaint. They seek either a more definite statement, an order striking portions of the Complaint, or both. The plaintiff

argues in his resistance to dismissal with prejudice, Doc. No. 84, that these types of motions do not prevent him from voluntarily dismissing defendants pursuant to Rule 41(a)(1)(A)(i), Federal Rules of Civil Procedure. The Rule allows a plaintiff to dismiss an action "before the opposing party serves either an answer or a motion for summary judgment[.]" "Rule 41(a)(1) voluntary dismissal is without prejudice unless the plaintiff has previously dismissed an action including the same claim in any other court." *Williams v. Clarke*, 82 F.3d 270, 272 (8th Cir. 1996); *accord Vanover v. Bohnert*, 11 Fed. Appx. 679, 681, 2001 WL 388851 at *1 (8th Cir. 2001).

When a plaintiff files a notice of dismissal pursuant to Rule 41(a)(1), such a notice ordinarily "operates as a matter of right upon notice to the court, and permission of the court is not required." *Williams*, 82 F.3d at 272 (citing *Safeguard Business Sys., Inc. v. Hoeffel*, 907 F.2d 861, 863 (8th Cir. 1990)); *accord Vanover, supra*.

The defendants named in the first motion to dismiss argue their dismissals should be with prejudice because the plaintiff has failed to state any basis for a claim against them. Doc. Nos. 77 & 82. For the court to consider such an argument, the court would have to convert the defendants' motions into summary judgment motions. *Cf. Hamm v. Rhone-Poulenc Rorer Pharmaceuticals, Inc.*, 187 F.3d 941 (8th Cir. 1999). The defendants have not offered "matters outside the pleadings" or evidence in support of their motions that would require the court to take this type of action. *Id.*

"Motions to dismiss without prejudice are addressed to the sound discretion of the district courts." *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984). In the present case, the court finds none of the defendants the plaintiff seeks to dismiss has filed an answer or motion for summary judgment, and the plaintiff's notices of dismissal do not require court permission to take effect. Accordingly, the plaintiff's motions are **granted**, and the defendants Sharon Foughty, Sandy Hoekstra, Kristin Plueger, Karissa

Ann Rozeboom, Madison Rozeboom, David Vander Werf, Rebecca Vander Werf, Brenda Schuitmen, and Mary Zeutenhorst are hereby **dismissed without prejudice**.

**IT IS SO ORDERED.**

**DATED** this 25th day of August, 2009.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT