# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| BURNS H. McFARLAND,<br><br>    Plaintiff,<br><br>vs.<br><br>ROBIN McFARLAND,<br>*aka* Robin Van Es, *et al.*,<br><br>    Defendants. | No. C08-4047-MWB<br><br>(No. C09-4047-MWB)<br><br>**ORDER** |

      This matter is before the court on several motions recently filed by the parties. The pending motions came on for hearing on February 8, 2010. The parties' appearances are listed in the Minutes of the hearing.

      The first matter before the court is the plaintiff's motion (Doc. No. 152) to modify or quash a deposition subpoena requiring the plaintiff to appear on February 8, 2010, and to bring with him a number of documents. The motion was filed on February 5, 2010. The plaintiff later filed a motion for leave to amend (Doc. No. 153) that did not comply with the Local Rules and is **denied**. The defendants Robin McFarland *aka* Robin Van Es, and Robin's School of Dance and Tumbling, filed a resistance to the motion the same date. (Doc. No. 156) The plaintiff failed to comply with the Local Rules in numerous respects with regard to the motion. He did not submit a brief, did not state the defendants' positions, did not seek expedited relief despite the fact that expedited relief would have been required to give the motion any meaning, and did not seek to resolve the matter with opposing counsel prior to filing the motion. The motion is, therefore, **denied**.

      The second matter before the court is the motion (Doc. No. 140) of James F. Beatty, Jr. to appear in this case *pro hac vice*. The defendant Randy Waagmeester filed a resistance to the motion (Doc. No. 141). Several defendants joined in the resistance, and

several others filed motions for leave to join in the resistance. Preliminarily, the court **grants** all of the defendants' motions for leave to join in Waagmeester's resistance (Doc. Nos. 142, 144, 148, 149, and 155).

With regard to Beatty's motion, the defendants object to his admission into the case on various grounds. The only ground which the court finds may have any merit is the objection that Beatty is likely to be called as a witness in this case. Local Rule 83.1(g)(1) makes the Iowa Rules of Professional Conduct applicable to attorneys who practice before this court. The defendants argue that IRPC 32.3.7 prohibits Beatty from appearing in the case as the plaintiff's attorney because he is a likely witness and because he is General Counsel for a company owned by the plaintiff, making him the plaintiff's employee.

The applicable Iowa rule provides, in pertinent part, as follows:

### Rule 32:3.7. Lawyer as witness

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.
>
> * * *

IRPC 32:3.7(a). The parties agree that none of the exceptions listed in the rule applies here. Beatty acknowledges that he likely could not represent the plaintiff *at trial*, but he argues he should be allowed to appear in the case and represent the plaintiff in pretrial proceedings and throughout discovery.

The Eighth Circuit has observed as follows on this issue:

> "In most jurisdictions, a lawyer who is likely to be a necessary witness may still represent a client in the pretrial stage.'" *DiMartino v. Eighth Jud. Dist. Ct.*, 119 Nev. 119, 66 P.3d

2

> 945, 946 (2003) (citing *Culebras Enters. Corp. v. Rivera-Rios*, 846 F.2d 94 (1st Cir. 1988); *United States v. Castellano*, 610 F. Supp. 1151, 1167 (S.D.N.Y. 1985); ABA Comm. on Ethics and Prof'l Responsibility, Informal Op. 1529 (189); and State Bar of Mich. Comm. on Prof'l and Jud. Ethics, RI-299 (Dec. 18, 1997); *see also World Youth Day, Inc. v. Famous Artists Merch. Exch., Inc.*, 866 F. Supp. 1297, 1303 (D. Colo. 1994) ("Rule 3.7 applies only to an attorney acting as an advocate at trial. Thus, with the informed consent of the client, a lawyer who is likely to be a necessary witness may accept employment and continue to represent the client in all litigation roles short of trial advocacy." (internal quotations omitted)); *Cerillo v. Highley*, 797 So. 2d 1288, 1289 (Fla. Dist. Ct. App. 2001) (concluding trial court erred in disqualifying counsel who would be witness at trial from participating in pretrial depositions); *In re Bahn*, 13 S.W.3d 865, 873 (Tex. App. 2000) ("[A]n attorney who is disqualified from representation at trial can continue to participate in the client's case until trial commences.").
>
> One purpose of the necessary witness rule is to avoid the possible confusion which might result from the jury observing a lawyer act in dual capacities – as witness and advocate. The jury is usually not privy to pretrial proceedings, however, so the rule does not normally disqualify the lawyer from performing pretrial activities; the one exception is when the "pretrial activity includes obtaining evidence which, if admitted at trial, would reveal the attorney's dual role." *World Youth Day*, 866 F. Supp. at 1303. . . .
>
> By its own terms, Rule []3.7 only prohibits a lawyer from acting as an "advocate *at a trial* in which the lawyer is likely to be a necessary witness." (Emphasis added). . . . Rule []3.7 on its face does not apply to pretrial proceedings. . . .

*Droste v. Julien*, 477 F.3d 1030, 1035-36 (8th Cir. 2007). *See also Ramey v. Dist. 141, Int'l Ass. of Machinists & Aerospace Workers*, 378 F.3d 269, 282-83 (2d Cir. 2004) (noting that concerns implicated by the advocate-witness rule "are absent or, at least, greatly reduced, when the lawyer-witness does not act as trial counsel," quoting *Culebras*

*Enterprises Corp.*, 846 F.2d at 100); *Culebras Enters. Corp. v. Rivera-Rios*, 846 F.2d 94, 97 & n.5 (1st Cir. 1988) (court must "strike a fair balance between a party's right to select the lawyer of his preference and the objectives of the advocate-witness rule under the facts of the particular case," and noting "[a] party's normal right to be represented by counsel of his or her own choosing is recognized in 28 U.S.C. § 1654 (1982)") (citations omitted).

The courts have, however, carefully defined the capacity in which a lawyer-witness can participate in pretrial discovery. "Courts generally permit an attorney disqualified on this basis to participate fully in pretrial litigation activities such as strategy sessions, pretrial hearings, mediation conferences, motions practice and written discovery." *Fognani v. Young*, 115 P.3d 1268, 1276 (Colo. 2005) (citing federal authorities). *See Williams v. Borden Chemical, Inc.*, 501 F. Supp. 2d 1219, 1221-22 (S.D. Iowa 2007) (allowing attorney-witness to represent client, but disqualifying the attorney both from acting as trial counsel and from "the taking of or appearance at depositions," noting "[d]epositions may be offered into evidence at trial," with the risk that counsel's dual role will be revealed to the fact-finder); *Northbrook Digital LLC v. Vendio Servs. Inc.*, 2008 WL 2390740 at *21 (D. Minn. Apr. 4, 2008) ("[P]articipation in pretrial litigation is not cause for concern, except where it may potentially be disclosed at trial," noting that if disqualified trial counsel conducts depositions in the litigation, the court cannot "assume that none of the deposition testimony will be received at trial," which could "cause prejudice or confusion").

At the hearing on Beatty's motion, the court reserved ruling on the motion, but ruled that Beatty could be present for the plaintiff's deposition, although he could not ask questions, make objections, or otherwise act as the plaintiff's advocate during the deposition. The court finds that reasoning to be sound based on the applicable authorities. Accordingly, Beatty's motion for leave to appear *pro hac vice* (Doc. No. 140) is **granted in part and denied in part**. Beatty may appear in the case, and may represent the plaintiff

in all pretrial matters, except that although he may *attend* depositions in the case, he may not act as advocate during depositions, and he may not act as trial counsel. Beatty is directed to exercise caution with regard to any other discovery matters that might ultimately be revealed to the fact-finder at trial.

    **IT IS SO ORDERED.**

    **DATED** this 9th day of February, 2010.

                                */s/ Paul A. Zoss*
                                PAUL A. ZOSS
                                CHIEF MAGISTRATE JUDGE
                                UNITED STATES DISTRICT COURT