IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| BURNS F. MCFARLAND,<br><br>            Plaintiff,<br><br>vs.<br><br>ROBIN MCFARLAND, et al.,<br><br>            Defendants. | No. C08-4047-MWB<br>No. C09-4047-MWB<br><br>**ORDER REGARDING DEFENDANTS ROBERT VAN ES AND RHONDA ES'S JOINT BILL OF COSTS** |

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

*II.  ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4
    *A.  General Legal Standards* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4
    *B.  Objections To Joint Bill of Costs* . . . . . . . . . . . . . . . . . . . . . . . .  6
        1.    *Burns's Deposition Transcript Costs* . . . . . . . . . . . . . . . . .  6
        2.    *Costs of Deposition Transcript Copies* . . . . . . . . . . . . . . .  7
        3.    *Videotaping deposition expenses* . . . . . . . . . . . . . . . . . . .  8
        4.    *Transcript from the Divorce Case* . . . . . . . . . . . . . . . . . .  9
        5.    *Transfer cost* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        6.    *Copies of Medical Records* . . . . . . . . . . . . . . . . . . . . . . 10
        7.    *Photocopies of Summary Judgment Documents* . . . . . . . . . 11
        8.    *Conference Room Rental* . . . . . . . . . . . . . . . . . . . . . . . . 11

*III.  CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

This case is before me on two defendants' Joint Bill Of Costs. These defendants seek reimbursement for certain litigation expenses pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. The plaintiff objects to some of the costs sought by the defendants, arguing that certain items are not authorized or do not meet the requirements for an award under § 1920.

## I. INTRODUCTION AND BACKGROUND

On June 11, 2008, Plaintiff Burns McFarland filed his *pro se* Complaint in case no. C08-4047-MWB, against Robin McFarland, Dori Groenendyk, and Robin's School of Dance & Tumbling. In that lawsuit, Burns alleged that Robin falsely accused him of domestic abuse in connection with their divorce proceedings and that Groenendyk and Robin's School of Dance & Tumbling conspired with Robin to slander, libel, and defame Burns. On June 5, 2009, Burns filed his *pro se* Complaint in case no. C09-4047-MWB, against 42 defendants, including Robert Van Es, and Rhonda Van Es ("the Van Eses"), Robin's parents. This second lawsuit also alleged actions taken by defendants in connection with the McFarlands' divorce. Specifically, Burns alleged that defendants conspired to slander, libel, and defame him; to tortiously interfere with his business relationships; and to commit fraud and fraud in the inducement. On July 1, 2009, Case no. C08-4047-MWB was consolidated, pursuant to Federal Rule of Civil Procedure 42(a)(2), with Case no. C09-4047-MWB, because both cases involved common questions of law and fact. However, on September 20, 2011, I granted the Van Eses' motions for summary judgment, finding that the Van Eses made no statements defaming Burns outside of the McFarlands' divorce proceedings, and their statements made during the divorce proceedings were privileged.

On October 4, 2011, the Van Eses filed their Joint Bill of Costs (docket no. 260) seeking the following:  (1) $123.96 for Burns's videotape deposition; (2) $1,286.29 for a transcript of Burns's deposition; (3) $10.69 for "Copies of McFarland Deposition from Floppy Disc's on to CD so transcripts could be used for summary judgment motions and trial (The firm does not have computers which use floppy discs anymore"); (4) $94.50 "for Transcript of Court Proceedings"; (5) $65.91 for "Leased location for depositions, divided equally by counsel at the time"; (6) $1,424.16 for "deposition transcripts of Burns McFarland, Robin Van Es, Robert Van Es, and Rhonda Van Es"; (7) $121.50 for "deposition transcripts of Dr. Michael Baker"; (8) $20.00 for "copies of medical records"; (9) $164.30 for "deposition transcripts of Denise Harrison, Gerald, and Kim Van Es"; (10) $26.40 for "Deposition of Cherilyn Rozeboom"; and $200.50 for "Photocopies of Motion for Summary Judgment Documents (2005 pages)"; for a total of $3,538.21 in requested costs.

On October 17, 2011, Burns filed his Resistance to Defendants' Petition for Bill of Costs (docket no. 261).  In Burns's resistance, he asserts a number of arguments.  First, Burns argues that the costs of depositions are unreasonably high.  Second, Burns argues that the Van Eses' are seeking to recover certain costs paid for by another defendant, Robin.  Third, he contends that the Van Eses should not be able to recover deposition transcript costs for copies of his deposition because defendants prolonged the length of his deposition for almost seven days.  Fourth, Burns asks that I disallow recovery of the $94.50 costs of a transcript in the McFarlands' divorce proceedings because the Van Eses do not indicate the subject or purpose for obtaining this transcript.  Fifth, Burns objects to the $10.69 cost of transferring depositions from a floppy disc to a CD, arguing that this cost is akin to an attorney's overhead.  Sixth, Burns objects to the $20.00 cost of copies of medical records because they were not necessary to the case.  Seventh, he argues that

the Van Eses are not entitled to recover the entire $200.50 cost of photocopies for summary judgment documents because the Van Eses obtained multiple copies of these documents. Finally, Burns objects to the $65.91 cost for rental of a conference room center used for taking depositions on the ground that he already paid a portion of the costs for renting the room and the Van Eses should bear the remainder of this cost. The Van Eses did not file a reply to Burns's resistance

## II. ANALYSIS
### A. *General Legal Standards*

Federal Rule of Civil Procedure 54 provides that "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The Eighth Circuit Court of Appeals has explained that Rule 54(d) "represents a codification of the 'presumption that the prevailing party is entitled to costs.'" *Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998) (quoting *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir.1995)); *see also 168th and Dodge, LP v. Rave Reviews Cinemas, L.L.C.*, 501 F.3d 945, 957 (8th Cir. 2007) ("A prevailing party is presumptively entitled to recover all of its costs.") (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir.2005))*; Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) ("Costs, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise; unusual circumstances need not be present.") (citing *NOW v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir.1982); *Croker v. Boeing Co.*, 662 F.2d 975, 998-99 (3d Cir.1981); *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980), *cert. denied*, 449 U.S. 1042, 101 S.Ct. 622, 66 L.Ed.2d 504 (1980); *Jones v. City of San Antonio*, 568 F.2d 1224, 1226 (5th Cir.1978)). "Despite this presumption, however, the district court has substantial

discretion in awarding costs to a prevailing party." *Id.* (*citing Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 363 (8th Cir.1997)); *see also Pershern v. Fiatallis North America, Inc.*, 834 F.2d 136, 140 (8th Cir. 1987) ("[W]ithin the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case."); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006) ("Rule 54(d) presumes an award of costs to the prevailing party; however, the district court has substantial discretion in awarding costs.") (citing *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir.2000)); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983) ("Under Rule 54(d), allocation of costs is within the sound discretion of the trial court.").

"Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party." *Marmo*, 457 F.3d at 762; *see also Cross*, 721 F.2d at 1157 (The court cited the plaintiff's "limited financial resources" as a reason to award only a partial award of costs to the defendant.). When a district court denies costs, it must provide a rationale for doing so. *See Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). "A general statement of fairness is insufficient, without more, to rebut the Rule 54(d)(1) presumption for an award of costs to the prevailing party." *Id.* If appealed, the Eighth Circuit Court of Appeals will "review the district court's denial of costs for abuse of discretion." *Greaser*, 145 F.3d at 985 (citing *Milton v. City of Des Moines, Iowa*, 47 F.3d 944, 947 (8th Cir.1995)). However, "[a] court of appeals lacks jurisdiction to hear an appeal where the sole issue is that the district court abused its discretion as to the amount of costs awarded." *Poe*, 695 F.2d at 1109.

The following costs are recoverable:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[F]ederal courts are bound by the limitations set out in section 1920." *168th and Dodge, LP*, 501 F.3d at 957.

With these general standards in mind, I turn to consider Burns's objections to the Joint Bill of Costs.

### B. Objections To Joint Bill of Costs

#### 1. Burns's Deposition Transcript Costs

Burns objects to the costs associated with his deposition. Burns argues that his deposition was investigative in nature and defendants prolonged the length of his deposition for almost seven days. I find the costs of Burns's deposition transcripts are recoverable because the deposition transcript was "necessarily obtained for use in the case." *See* 28 U.S.C. § 1920(2). A court has discretion to award costs if the deposition was "necessarily obtained for use in a case" and was not "purely investigative." *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997). Although Burns's deposition was lengthy, this was due almost entirely to the fact that Burns named 42 defendants in his Amended Complaint. Clearly, Burns's deposition was "necessarily obtained for use in the case" and the costs, $1,286.29, are recoverable pursuant to § 1920(2). Burns's objection to these costs is overruled.

### 2. *Costs of Deposition Transcript Copies*

Burns also objects to the Van Eses' request for the costs associated with obtaining a copy of the transcripts of Burns, the Van Eses, Robin Van Es, Dr. Michael Baker, Denise Harrison, Gerald Van Es, Kim Van Es, and Cherilyn Rozenboom. Burns requests that I disallow these costs. Alternatively, Burns argues that the $1.00 to $1.50 per page charge for each copy is excessive and I should limit the Van Eses to $0.10 per page for these copies. Burns's initial argument is foreclosed by the guidance set out in *United States District Court for the Northern District of Iowa, Guidelines on Taxation of Costs by the Clerk of Court* at 5 ("The Guidelines") (unpublished manuscript, on file with the Northern District of Iowa). The Guidelines specifically state that "[c]osts allowed for taxable depositions may include, among others, the stenographer's fee, *the cost of original transcript and one copy,* the fee and mileage allowance of witnesses, and costs of copies of papers obtained as exhibits in the deposition." *Id.* (emphasis added). Thus, the Guidelines specifically provide for the costs associated with the original transcript and one copy. Although I am not required to award these costs, I find it is equitable to do so here. What is less clear, however, is the amount the Van Eses are entitled to recover for these copies. The Guidelines, although making it clear I can award these costs to a prevailing party, are silent on what amount is considered reasonable. Therefore, it appears the amount allotted for copies is within my sole discretion. Here, the Van Eses chose to obtain copies directly from the court reporter, and they were charged anywhere from $1.00 to $1.50 per page for copies. Such an amount, in my estimation, is unreasonable because the Van Eses were not required to obtain copies from the court reporter and could have secured copies at a more reasonable fee from another source. Thus, although the Van Eses are entitled to reimbursement for copies, in my discretion, I will only allow them to recover costs at the more reasonable rate of $0.10 per page for each copy. *See Bunda v.*

*Potter*, No. C03-3102-MWB, 2006 WL 266513, at *8 (N.D. Iowa Jan, 31, 2006) (allowing defendant to recover "the more reasonable rate of $0.10 per page" for a deposition copy instead of $0.25 to $1.00 per page sought for copies obtained from court reporter). This price reflects the actual costs of photocopying the Van Eses seek in another portion of their Joint Bill of Costs. Therefore, I conclude the Van Eses are entitled to $138.70, rather than the requested amount of $1450.80, for copies of transcripts under 28 U.S.C. § 1920(2).[1]

### 3. *Videotaping deposition expenses*

Next, Burns objects to the costs for videotaping his deposition on the ground these costs were incurred by Robin Van Es's counsel, J.J. Puk, and there is no indication that

---

[1] My conclusion is based on the following calculations:

| Name | Deposition pages | Invoice amount | Amount awarded |
|---|---|---|---|
| Burns McFarland | 788 | $788.00 | $78.80 |
| Robin Van Es | 223 | $223.00 | $22.30 |
| Robert Van Es | 100 | $100.00 | $10.00 |
| Rhonda Van Es | 72 | $72.00 | $7.20 |
| Dr. Michael Baker | 78 | $78.00 | $7.80 |
| Denise Harrison | 77 | $115.50 | $7.70 |
| Gerald Van Es | 19 | $28.50 | $1.90 |
| Kim Van Es | 13 | $19.50 | $1.30 |
| Cherilyn Rozeboom | 17 | $26.30 | $1.70 |
| | Total | $1450.80 | $138.70 |

the Van Eses ever paid a portion of this bill. Burns's objection to this expense is sustained. American Legal Media's invoice for Burn's videotaped deposition is attached to the Van Eses' Joint Bill of Costs as Appendix 1. This invoice, seeking the sum of $939.00, is made out to J.J. Puck. The Van Eses are seeking $123.96 of this cost, or roughly 1/7th of the cost of Burns's videotaped deposition. While the Van Eses may well be seeking reimbursement for their share of the cost of Burns's videotaped deposition, they have not submitted any documentation indicating that they have paid any portion of this cost. Therefore, this portion of the Van Eses' Joint Bill of Costs is denied.

### *4.  Transcript from the Divorce Case*

Burns further objects to the Van Eses' request for reimbursement, in the sum of $94.50, for a 27 page original transcript from the McFalrands' divorce proceedings. The Van Eses have not identified the subject of this transcript, nor their purpose in obtaining it. "Items proposed by prevailing parties 'as costs should always be given careful scrutiny.'" *In re Williams Secs. Litiig.- WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir. 2009) (quoting *U.S. Indus., Inc. v. Touche Ross & Co.,* 854 F.2d 1223, 1245 (10th Cir. 1988), *overruled on other grounds as recognized by Anixter v. Home–Stake Prod. Co.,* 77 F.3d 1215, 1231 (10th Cir. 1996)). The charges of the court reporter for transcripts reasonably necessary for use in the case, even though not used at trial, are recoverable upon a proper showing. *See* 28 U.S.C. § 1920(4); *Slagenweit v. Slagenweit,* 63 F.3d 719, 721 (8th Cir. 1995) (per curiam) (upholding award of costs for a deposition even though deposition was not introduced at trial); *see also EEOC v. W & O, Inc.,* 213 F.3d 600, 623 (11th Cir. 2000) ("'Copies attributable to discovery' are a category of copies recoverable under § 1920(4)."); *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.,* 158 F.3d 1002, 1010 (9th Cir. 1998) ("Under [§ 1920(4) ], the copies need not actually have been used as evidence to justify an award of costs."). I find the Van Eses have failed to

provide sufficient evidence to show that the divorce transcript was "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This is because the Van Eses have not even identified the portion of the divorce proceeding or their purpose in obtaining it. Therefore, I sustain Burns's objection and will not award the Van Eses' requested costs for the transcript from the McFalrands' divorce proceedings.

### 5.     *Transfer cost*

Burns also objects to the Van Eses' requested $10.69 cost for transferring depositions from a floppy disc to a CD. Burns argues that this cost is akin to an attorney's overhead and should be disallowed. The costs for transcript conversion fees are often not allowable because they are frequently for the benefit of counsel and they "are not listed in the statute or rules as recoverable costs." *Rakes v. Life Investors Ins. Co. of Am.,* No. 06–CV–99–LRR, 2008 WL 4852932, at *9 (N.D. Iowa Nov. 7, 2008), *abrogated on other grounds by Craftsmen Limousine,* 579 F.3d 894; *see also EEOC v. CRST Van Expedited, Inc.,* No. 07-CV-95-LRR, 2010 WL 520564, at *19 (N.D. Iowa Feb. 9, 2010) (disallowing costs of conversion of depositions to DVD as attorney fees); *Bunda,* 2006 WL 266513, at *8 (finding disc fees not recoverable). Here, however, the Van Eses have demonstrated that conversion of the floppy disc was necessary for obtaining the deposition transcript. The Van Eses's counsel had to convert the depositions from the original floppy disc provided by the court reporter to a CD in order to access them on the firm's computers. Accordingly, Burns's objection is overruled and the Van Eses' requested cost in the amount of $10.69 is allowed to be taxed.

### 6.     *Copies of Medical Records*

Burns next objects to the $20.00 cost of copies of medical records because they were not necessary to the case. The Van Eses have offered no explanation of the subject of the medical records or their relevance. Without a meaningful explanation, I am unable

to determine whether the cost of these medical records was necessarily obtained for use in the case. *See Battenfeld of Am. Holding Co.,* 196 F.R.D. 613, 617 (D. Kan. 2000) (denying copy costs where prevailing parties submitted statements from copying services without identifying the use made of the copied materials). Thus, Burns's objection is sustained and the Van Eses' requested cost in the amount of $20.00 is disallowed.

### 7. *Photocopies of Summary Judgment Documents*

Burns further objects to the $200.50 cost for 2005 pages of photocopies for summary judgment documents. Burns contests this cost on the ground that the Van Eses obtained ten copies of these documents, which Burns views as excessive. Because Robert and Rhonda each filed separate summary judgment motions, each obtained five copies of these documents which reflects the number of parties still involved in this lawsuit at the time the Van Eses filed their motions for summary judgment. A court may tax "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see Haroco, Inc. v. American Nat'l Bank & Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994) (affirming the $12,389.71 award for exemplification fees for the preparation, copying, and collating of an exhibit to motion for summary judgment and also fees for graphics services). I find that the cost for copying the summary judgment materials fall squarely within this language. Therefore, Burns's objection is overruled and the Van Eses' requested cost in the amount of $200.50 is allowed to be taxed.

### 8. *Conference Room Rental*

Finally, Burns objects to the $65.91 cost for rental of a conference room center which was used for taking depositions. Burns argues that this cost should be disallowed on the ground that he already paid a portion of the cost for renting the room and the Van Eses should bear the remainder of this cost. It is within my discretion to allow as costs those expenses incurred in taking a deposition. The Van Eses, however, have offered no

explanation for why they resorted to renting a conference room for the taking of depositions rather than using the offices of one of the attorneys involved in the case. Thus, Burns's objection is sustained and I will disallow this cost. *See McIlveen v. Stone Container Corp.,* 910 F.2d 1581 (7th Cir. 1990)(affirming denial of expenses associated with renting of conference room for taking of deposition since deposition could have been conducted from deponent's home or office).

### III. CONCLUSION

In light of the discussion above, I have made the following adjustments to the Van Eses' Joint Bill of Costs:

| Item Requested | Amount Requested | Amount Allowed |
| --- | --- | --- |
| Videotape Deposition of Burns McFarland | $123.96 | $0.00 |
| Deposition transcripts of Burns McFarland | $1,286.29 | $1,286.29 |
| Transfer from Floppy Disc to CD | $10.69 | $10.69 |
| Transcript of Divorce Proceeding | $94.50 | $0.00 |
| Conference Room Rental | $65.91 | $0.00 |
| Deposition Transcripts and Copies of Burns McFarland, Robin Van Es, Robert Van Es, and Rhonda Van Es | $1,424.16 | $359.46 |
| Deposition Transcript and copy of Dr. Michael Baker | $121.50 | $51.30 |

| | | |
|---|---|---|
| Copies of Medical Records | $20.00 | $0.00 |
| Copies of Deposition Transcripts of Denise Harrison, Gerald Van Es, and Kim Van Es | $164.30 | $10.90 |
| Copy of Deposition Transcript of Cherilyn Rozeboom | $26.50 | $1.70 |
| Photocopies of Summary Judgment Documents | $200.50 | $200.50 |
| **TOTAL** | **$3538.31** | **$1920.84** |

For the reasons discussed above, the Joint Bill of Costs is **granted in part and denied in part**. Costs are taxed in favor of Robert Van Es and Rhonda Van Es in the amount of $1,920.84. The Clerk of Court is directed to enter judgment in such amount in favor of Robert Van Es and Rhonda Van Es.

**IT IS SO ORDERED.**

**DATED** this 15th day of November, 2011.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA